**Percy Lee HORTON, Petitioner— Appellant,**

v.

**Terry STEWART, Director, Respondent—Appellee.**

No. 01–17164.
D.C. No. CV–98–0119 RCB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2002.

Decided Nov. 4, 2002.

Before TASHIMA, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM *

Percy L. Horton appeals from the district court's dismissal of his 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus. We affirm. Because the parties are familiar with the factual and procedural history in this case, we will not recount it here.

Horton argues that the consolidation for trial of two burglary charges was improper and violated his due process rights. In *United States v. Lane*, 474 U.S. 438, 446 n. 8, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986), the Supreme Court explained that "[i]mproper joinder does not, in itself, violate the Constitution. Rather, misjoinder would rise to the level of a constitutional violation only if

---

it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *See also Bean v. Calderon,* 163 F.3d 1073, 1084 (9th. Cir.1998) (stating that "[t]he simultaneous trial of more than one offense must actually render petitioner's state trial fundamentally unfair and hence, violative of due process before habeas relief pursuant to 28 U.S.C. § 2254[is] appropriate") (quoting *Featherstone v. Estelle,* 948 F.2d 1497, 1503 (9th Cir.1991)). The risk of prejudice is greatly reduced when the evidence of each crime is simple and distinct and the jury is properly charged regarding its use. *See United States v. Johnson,* 820 F.2d 1065, 1071 (9th Cir.1987).

Given the simplicity of the two burglary cases and the trial court's proper instructions to the jury, the consolidation of the two charges did not result in "prejudice so great as to deny [Horton] his Fifth Amendment right to a fair trial." *Lane,* 474 U.S. at 446 n. 8, 106 S.Ct. at 730 n. 8. The district court did not err in holding that any error by the trial court in allowing the consolidation of the two burglary charges did not rise to the level of a due process violation.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.